**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4341

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOUSTON PHILLIPS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00434-M-11)

Submitted:  November 27, 2024                      Decided:  February 4, 2025

Before GREGORY, AGEE, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Walter H. Paramore, III, LAW OFFICES OF W. H. PARAMORE, III, Jacksonville, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Houston Phillips pled guilty without a written plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and distribution of 50 grams or more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2.  The district court varied downward from the Sentencing Guidelines range and sentenced Phillips to 160 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court properly determined that Phillips's North Carolina convictions for "possession with the intent to manufacture, sell, or deliver methamphetamine" qualified as predicate offenses for his career offender designation.  Although informed of his right to do so, Phillips has not filed a pro se supplemental brief, and the Government has elected not to file a brief.  We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).  If we find no procedural error, we evaluate the substantive reasonableness of the sentence.  *United States v. Miller*, 75

2

F.4th 215, 227 (4th Cir. 2023). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). A sentence within or below a properly calculated Guidelines range is presumed substantively reasonable. *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). A defendant can rebut this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.* (internal quotation marks omitted).

Here, the district court correctly calculated Phillips's advisory Guidelines range, heard argument from counsel, provided Phillips an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence. Further, we discern no reversible error in the district court's designation of Phillips's prior North Carolina convictions as predicate offenses for his career offender designation. As *Anders* counsel notes, our holding in *United States v. Miller*, 75 F.4th 215, 230-31 (4th Cir. 2023) (holding that N.C. Gen Stat. § 90-95(a)(1), which makes it unlawful for person to sell or possess with intent to sell controlled substance, "is a categorical match" with the definition of a controlled substance offense under the Guidelines) forecloses Phillips's challenge to his career offender designation.

Even if this designation amounted to procedural error, we conclude that any such error would be harmless. Indeed, "[i]t is well established that we will not vacate a sentence if we determine that the district court's improper calculation of the Guidelines advisory sentencing range [is] harmless." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019).

3

> [A] Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the Guidelines issue had been decided in the defendant's favor.

*Id.* (cleaned up). Here, the district court's comments during the sentencing hearing make clear that it would have imposed the same sentence even absent the application of the career offender enhancement. Indeed, the court essentially ignored the enhanced career offender Guidelines range in fashioning an appropriate sentence and instead considered the range that would have applied assuming the career offender designation did not apply. The court then varied even lower than that range, ultimately imposing a sentence that was more than 100 months less than the low end of the career offender range. Therefore, the first requirement of the harmless error analysis has been met.

Furthermore, we are satisfied that Phillips's sentence is substantively reasonable. The district court conducted a thorough analysis of the § 3553(a) factors and the parties' arguments, fashioning a sentence based on the nature of the offenses, Phillips's role in the conspiracy, his criminal history, and his personal characteristics. Moreover, Phillips has presented no facts or argument to overcome the presumption of reasonableness afforded to his below-Guidelines-range sentence. Accordingly, any potential error committed by the district court in designating Phillips a career offender is harmless.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Phillips, in writing, of the right to petition the Supreme Court of the United States for further review. If Phillips requests that a petition

4

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Phillips. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*